UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X    NOT FOR PUBLICATION
CARL D. WELLS,

                Plaintiff,

    -against-                     MEMORANDUM & ORDER
                                16-CV-825 (KAM) (SLT)
CITY OF NEW YORK;
NEW YORK CITY DEP'T OF CORR.;
COMMISSIONER JOSEPH PONTE,
in his official capacity;
SUPT. GLEEN OF RNDC; and
SUPT. MINGO OF AMKC,

                Defendants.
----------------------------------X
**MATSUMOTO, United States District Judge:**

        On February 11, 2016, Carl D. Wells ("plaintiff"), currently incarcerated at Robert N. Davoren Complex ("RNDC") on Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on January 4, 2016 and on February 4, 2016, he was "exposed to MK-9 Aerosol Chemical S[p]ray" while in custody. (ECF No. 1, Complaint ("Compl.") at 3.) Plaintiff seeks *in forma pauperis* status and $500,000 in damages. (*Id.* at 5; ECF No. 2.) For the reasons set forth below, the court GRANTS plaintiff's request to proceed *in forma pauperis*.

## **DISCUSSION**

        Under the so-called "three strikes" provision of the Prison Litigation Reform Act, a prisoner may not proceed in a civil action under the *in forma pauperis* statute:

> if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in

> a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010).

While incarcerated, plaintiff has filed more than three actions that have been dismissed — "in a court of the United States," § 1915(g) — for failure to state a claim. *See Wells v. New York City*, No. 12-CV-5858 (S.D.N.Y. June 20, 2013), ECF No. 54 (revoking Wells's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g) because Wells had "at least five prior actions that have been dismissed as frivolous or malicious, or for failing to state a claim"); *see also Wells v. State of New York*, No. 96-2241 (2d Cir. June 6, 1996) (dismissing appeal as "so indisputably lacking in merit as to be frivolous"); *Wells v. City of New York*, No. 15-CV-8131 (S.D.N.Y. Oct. 20, 2015), ECF No. 5 ("The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's 'three-strikes' rule . . . ."); *Wells v. Goord*, No. 00-CV-594 (N.D.N.Y. Jan. 11, 2001), Nos. 17, 22; *Wells v. N.Y.C. Dep't of Corr.*, No. 97-CV-4230 (S.D.N.Y. June 9, 1997), ECF No. 3; *Wells v. Weingarten*, No. 92-CV-3503 (S.D.N.Y. May 13, 1992), ECF No. 2; *Wells v. Weingarten*, No. 92-CV-3502 (S.D.N.Y. May 13, 1992), ECF No. 3.

Plaintiff would therefore generally be barred from proceeding *in forma pauperis* under the "three-strikes" provision,

unless he could show that he was under imminent danger of serious physical injury at the time he filed his complaint. *See* § 1915(g) (providing exception to three strikes rule where a plaintiff can establish "imminent danger of serious physical injury"); *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) ("[T]he language of § 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed.").

Although the feared physical injury must be "serious," courts "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Chavis*, 618 F.3d at 169 (internal quotation marks and citations omitted). A searching inquiry at such an early stage of the litigation would be inappropriate because § 1915(g) "concerns only a threshold procedural question, while separate PLRA provisions are directed at screening out meritless suits early on." *Id.* (internal quotation marks, citations, and alterations omitted). In addition, *pro se* complaints are construed liberally and interpreted to raise the strongest arguments they suggest. *See Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010). A court may not, however, find that a complainant's allegations satisfy the imminent danger exception when the claims are "conclusory or ridiculous." *Chavis*, 618 F.3d at 170 (internal quotation marks and citation omitted).

Plaintiff alleges that, on two occasions, he was exposed to an aerosol "chemical s[p]ray" — which was apparently directed at other inmates — while he was being transferred from one area of the prison to another. (Compl. at 3.) He complains that exposure

3

to the chemical agent caused severe coughing for over 30 minutes, a burning sensation on areas of his body for three to six days, and vision problems. (*Id.*) Plaintiff also seeks "injunctive relief" that would prevent prison officials from using the chemical spray on further occasions and seeks waiver under § 1915(g) because "dangerous continuing exposure requires it[s] waiver." (*Id.*)

At this early stage of the litigation, construing plaintiff's complaint liberally, his allegations satisfy the imminent danger exception to § 1915(g). Plaintiff alleges that the chemical agent has been used on multiple occasions in the facility where he is incarcerated. Although the spray was not directed at him, the injuries he claims he suffered are serious. Further, he has alleged that he fears the spray will be used again in a manner that risks his exposure. The allegations in the complaint suffice to meet the imminent danger exception to § 1915(g). *See Chavis*, 618 F.3d at 170–71 (finding that officers' verbal threats and intimidating visits to a prisoner's cell, after they allegedly physically struck him, "would appear to be sufficient to allege imminent danger of serious physical injury").

**CONCLUSION**

Accordingly, plaintiff's request to proceed *in forma pauperis* is GRANTED pursuant to § 1915(g). The Clerk of Court is respectfully directed to serve a copy of this order on the pro se plaintiff and note service on the docket.

**SO ORDERED.**

Dated:   April 13, 2016
         Brooklyn, New York

                          _____/s/_____
                          **KIYO A. MATSUMOTO**
                          United States District Judge
                          Eastern District of New York